## SPECTOR GADON & ROSEN, P.C.

ATTORNEYS AT LAW
SEVEN PENN CENTER
1635 MARKET STREET
SEVENTH FLOOR
PHILADELPHIA, PENNSYLVANIA 19103
[215] 241-8888
FAX: [215] 241-8844
WWW.LAWSGR.COM

NEW JERSEY OFFICE:
ONE GREENTREE CENTRE
10,000 LINCOLN DRIVE EAST
SUITE 201
MARLTON, NJ 08053
[856] 778-8100
FAX: [856] 722-5344

NEW YORK OFFICE:
ONE PENN PLAZA
36TH FLOOR
NEW YORK, NY 10119
[212] 786-7394

E-MAIL
nabrams@lawsgr.com

FLORIDA OFFICE:
360 CENTRAL AVENUE
SUITE 1550
ST. PETERSBURG, FL 33701
[727] 896-4600
FAX: [727] 896-4604

JUN 2 3 2015  Nancy Abrams

DIRECT DIAL NUMBERS
[215] 241-8894
FAX [215] 531-9154

*Licensed to Practice in
Pennsylvania and Florida*

June 23, 2015

*Via Facsimile (267) 299.5078*

The Honorable Michael M. Baylson
U.S. Courthouse
601 Market Street
Room 3810
Philadelphia, PA 19106-1741

FILED
AUG - 5 2015
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

Re: Davis v. EDSI Solutions – Case No. 2:14-cv-5396

Dear Judge Baylson:

This letter is my short response to the letter from Barak Kassutto, Esquire that was forwarded to your office today. While Mr. Kassutto is correct that a party opposing a motion for summary judgment need not produce counter affidavits if there is other proper evidence in the record to show the existence of a genuine issue of material fact, *SI Handling Systems, Inc. v. Heisley*, 658 F.Supp. 362 (E.D.Pa. 1986), Your Honor correctly pointed out at oral argument that there is no other proper evidence in the record that contradicts Defendant's well documented assertion that Ms. Davis was told on or about September 1, 2010 that her employment with EDSI would end when its contract for the South EARN Center ended. As Your Honor noted, in opposing summary judgment, a litigant must cite specific evidence in the record and cannot rely on unsupported assertions or conclusory allegations in attempting to survive summary judgment. *Williams v. Borough of West Chester, PA*, 891 F.2d 458, 464 (3d Cir. 1989); *Nationwide Property & Casualty Insurance Co. v. Feryo Hearing Aid Service, Inc.*, 895 F.Supp. 85, 87 (E.D.Pa. 1995).

Plaintiff clearly failed to carry her burden of producing specific evidence that contradicts Defendant's well documented evidence. It should be noted that, when asked at her deposition what information Cliff Smith had, she did not mention the alleged meeting regarding her transfer [Davis Deposition, Defendant's Exhibit "F", pp. 63:12 – 64:14]. Nor did she mention that alleged meeting when discussing what information Meredith Lang had [Davis Deposition, Defendant's Exhibit "F", pp. 64:15 – 65:1]. In light of this deposition testimony, it is respectfully suggested that Ms. Davis' eleventh hour Counter Affidavit is not sufficient to create an issue of material fact regarding when she was informed that her

**Spector Gadon & Rosen, P.C.**
ATTORNEYS AT LAW

June 23, 2015
Page -2-

employment with EDSI would end on December 31, 2010, and this Court should enter summary judgment against Plaintiff on the basis that her claims are untimely.

Respectfully,

*Nancy Abrams*

Nancy Abrams

NA/sds
cc:   Barak Kassutto, Esquire