IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| **REGINA DAVIS**<br><br>   v.<br><br>**EDSI SOLUTIONS** | **CIVIL ACTION**<br><br>**NO. 14-5396** |
|---|---|

**Baylson, J.**                                                                                               **August 5, 2015**

## M E M O R A N D U M

### I.     Introduction

This is an employment discrimination case.  Plaintiff, Regina Davis, is an African-American woman who was employed by Defendant, EDSI Solutions ("EDSI"), until Defendant terminated her position for allegedly unlawful reasons on December 31, 2010.  Plaintiff has alleged racial discrimination under 42 U.S.C. § 1981.  Jurisdiction is based on 28 U.S.C. § 1331.

### II.    Facts

Plaintiff began her employment at EDSI in 2007.  ECF 13-2 ¶ 1 & Ex. A; ECF 17, at 26 & Ex. C.  She received a series of promotions between 2007 and 2009 that were accompanied by salary increases.  ECF 13-2 ¶¶ 2–5 & Exs. A–D; ECF 17, at 26 & Ex. C.  In September 2009, she was promoted from the position of "Employer Incentive Representative" to "PWE Coordinator." ECF 13-2 ¶ 5 & Ex. D; ECF 17, at 26.  Plaintiff claims that she was promised a retroactive raise along with this promotion that she never received, allegedly for discriminatory reasons.  ECF 17, at 3–4, 28 & Exs. D–E.  Defendants contend that Plaintiff did not receive a raise because a wage freeze was in effect for all employees due to financial losses at "West EARN," the EDSI-operated center where Plaintiff worked.  ECF 13-2 ¶¶ 6–7.

In 2010, another EDSI-operated center, "South EARN," lost its contract with the Philadelphia Workforce Development Corporation ("PWDC").  *Id.* ¶¶ 13–16; ECF 17, at 29.

Rather than lay off its employees at South EARN, EDSI decided to consolidate the South EARN and West EARN workforces and lay off staff from both centers.  ECF 13-2 ¶ 17; ECF 17, at 29.

As part of this reorganization, Plaintiff was transferred to South EARN in October 2010.  ECF 13-2 ¶¶ 24, 29–32.  Plaintiff asserts that she was transferred with the understanding that she would assist with the conclusion of EDSI's contract and return to West EARN at the end of the calendar year.  ECF 17, at 31.  At the end of EDSI's contract, however, Plaintiff was not transferred back to West EARN, allegedly for discriminatory reasons.  *Id.* at 29–31.  Defendant contends that it informed Plaintiff in September 2010 that her employment with EDSI would end when the South EARN contract terminated, and that it selected which employees would remain at West EARN based on performance factors.  ECF 13-2 ¶¶ 17–31.

After Plaintiff was transferred to South EARN, Defendant contends she had attendance problems, for which she received an oral warning that Plaintiff testified about, but does not contend was racially motivated.  *Id.* ¶¶ 35–37.  Defendant further asserts that it later discovered Plaintiff left her department in such "complete disarray" that she would have been fired by January 26, 2011 had her employment not already been terminated.  *Id.* ¶¶ 38–41.

### III. Legal Standard

A district court should grant a motion for summary judgment if the movant can show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A factual dispute is "material" if it "might affect the outcome of the suit under the governing law."  *Id.*  Under Rule 56, the Court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in favor of the non-movant.  *Id.* at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)).

**IV.**     **Analysis**

Defendant has raised a statute of limitations defense by Motion for Summary Judgment. ECF 13-3, at 9–12. The parties agree that the statute of limitations for Plaintiff's § 1981 claims is four years, and that Plaintiff filed suit on September 19, 2014. *See Jones v. R.R. Donnelly & Sons Co.*, 541 U.S. 369, 382 (2004). Defendant argues that this period began to run for Plaintiff's termination claim on September 1, 2010, when she was allegedly informed during a meeting that her employment with EDSI would end at the conclusion of EDSI's South EARN contract. *Id.* at 10–12. Defendant likewise argues that all of the facts underlying Plaintiff's claim that EDSI's failure to provide a retroactive salary increase along with her promotion to PWE Coordinator was discriminatory occurred prior to September 19, 2010. *Id.* at 9; ECF 18, at 1–2.

The Court had extensive discussion on this issue at oral argument on June 17, 2015. ECF 20. Plaintiff initially did not counter the affidavits filed by Defendant's employees showing that this claim by Plaintiff was filed outside the four-year statute of limitations. However, Plaintiff submitted deposition testimony in which she was asked when she first learned her employment with EDSI would end after her transfer, and she testified to a conversation with an EDSI employee that occurred within the four-year period. ECF 17 Ex. B, at 45:11–24, 51:8–52:2. Plaintiff also re-submitted an affidavit that she had provided in connection with a related case by another former EDSI employee, *Heppard v. EDSI Solutions,* Civil Action 13-6124, in which she averred that she was told in "mid-December of 2010" that her employment was to end at the conclusion of the South EARN contract. ECF 17, Ex. E; ECF 32, Ex. G (No. 13-6124, E.D. Pa.). Although Plaintiff's counsel did not have a good explanation for why she did not file an additional counter-affidavit in a timely fashion with her brief, subsequent to the argument, Plaintiff provided the Court with a new affidavit that verifies her deposition testimony, which will be docketed. Under all the circumstances and viewing Plaintiff's testimony in the light most

favorable to her, the Court finds that Plaintiff has established an issue of fact as to the timeliness of her filing this claim.

Likewise, Plaintiff has established an issue of fact as to the timeliness of her salary claim. Although Plaintiff last inquired about the status of her salary increase in an email to an employee in EDSI's Human Resources department on September 1, 2010, his response to her left open the possibility that a salary increase was still forthcoming. ECF 17, Ex. H. Viewing this evidence, as well as Plaintiff's testimony that she was not informed of her termination until December 2010, in the light most favorable to her, a reasonable jury could find that EDSI did not make a final refusal to provide a retroactive raise until the time of Plaintiff's termination, which was within the limitations period.

As to the merits of the discrimination issue, this case is similar to *Heppard*, in which the Court found that it could not grant summary judgment in EDSI's favor. Plaintiff's facts here are similar and the analysis which the Court employed in the *Heppard* case must be followed here as well. *See* Memorandum dated December 19, 2014, ECF 51 (No. 13-6124, E.D. Pa.). Like Davis, Heppard worked at the West EARN center and believed that she was performing satisfactorily in all respects. Like Davis, Heppard was promoted, and testified that she was promised a retroactive raise, which she never received. Also like Davis, EDSI asserted that it did not provide Heppard a wage increase due to an across-the-board wage freeze, but Heppard produced evidence of a white employee who received a substantial salary increase during this time as well as evidence contradicting EDSI's claims of weak financial performance. Additionally, during the consolidation of South EARN and West EARN, Heppard was demoted from a supervisory position and replaced by a white employee based on the same "peer" rankings EDSI asserts were used to determine that Davis should be terminated. Based on the same evidence as Davis has submitted, Heppard challenged the accuracy and authenticity of EDSI's peer-ranking evidence.

Although EDSI has raised a defense that the wage freeze, its reliance on peer rankings, and Davis's performance record were legitimate nondiscriminatory reasons for its actions, the Court cannot grant summary judgment in favor of EDSI because, for the same reasons the Court held in the *Heppard* case, Plaintiff has "point[ed] to some evidence, direct or circumstantial, from which a factfinder could reasonably . . . (1) disbelieve [EDSI's] articulated legitimate reasons." *Burton v. Teleflex Inc.*, 707 F.3d 417, 427 (3d Cir. 2013).  EDSI additionally justifies its termination of Plaintiff with the fact that she, unlike Heppard, was placed on a performance improvement plan ("PIP").  Davis, however, has submitted testimony that the PIP was the result of racially discriminatory distribution of essential supplies between the predominantly black West EARN center and the predominantly white South EARN center, and furthermore, evidence that EDSI's reliance on the PIP is merely a post-hoc justification for its actions.  ECF 17 Ex. B, 58:2–60:7; Ex. I; Ex. S.

Finally, EDSI argues that evidence it discovered of poor job performance by Plaintiff during her time at South EARN would have led to her termination by January 26, 2015.  Plaintiff, however, has submitted evidence of the timing of this discovery that creates a sufficient dispute as to the credibility of EDSI's evidence to avoid summary judgment.  ECF Ex. C p. 90, 93–94.

**V.   Conclusion**

For the foregoing reasons, defendant's motion for summary will be **DENIED.**

An appropriate Order follows.

O:\CIVIL 14\14-5396 davis v. edsi solutions\14cv5396.memo.6.23.15.doc